UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUL 30 AM 10:04

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| JOHN DOE, a minor, by next friend Robert Lafayette, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:24-cv-779 |
| SOUTH BURLINGTON SCHOOL DISTRICT; SOL BAYER-PACT; TOM PIPER, ) ) ) ) | |
| Defendants. ) | |

**ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING CASE**
(Docs. 1, 1-1)

Robert Lafayette, representing himself, has filed a motion to proceed *in forma pauperis* ("IFP"), or without payment of fees, under 28 U.S.C. § 1915. (Doc. 1.) He seeks to file an action on behalf of his son John Doe against the South Burlington School District, its Varsity Basketball Head Coach Sol Bayer-Pact, and Associate Head Coach Tom Piper under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. (Doc. 1-1.) He has filed a financial affidavit in support of his motion as well as a notice of pro se appearance.

Where a plaintiff seeks leave to proceed IFP, the court must determine whether he has demonstrated sufficient economic need to proceed without prepaying, in full, the required $405.00 filing fee. The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. The statute excuses from prepayment of filing fees any person who submits an affidavit "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). It is not necessary for a litigant to show that he is "absolutely destitute" to obtain the benefits of the statute. *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is instead sufficient for the litigant to demonstrate that paying court costs would

deprive him of the "necessities of life." *Id.*; *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("No party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.").

Mr. Lafayette's affidavit does not demonstrate his alleged poverty. Notwithstanding his minimal assets, he avers his monthly income is $2,400, his monthly expenses are $1,830, and he has $1,200 in cash or in a checking or savings account. (Doc. 1 at 1–2.) In these circumstances, where Plaintiff has a monthly surplus of over $500 and savings of almost three times the filing fee, the court cannot find that paying the filing fee would jeopardize Plaintiff's ability to provide himself the necessities of life. *See Chapman v. Merchandise Mart Props.*, No. 2:07-cv-61, 2007 WL 922258, at *2 (D. Vt. Mar. 23, 2007) (denying IFP status where plaintiff's "monthly expenses roughly equal[ed] her income" and she had $1000 in savings because she had "regular employment and savings well in excess of the filing fee"). Because Mr. Lafayette's financial affidavit does not meet the requirements of 28 U.S.C. § 1915(a), his application for leave to proceed IFP must be denied.

Even if Mr. Lafayette was granted IFP status, the proposed Complaint is subject to dismissal because a minor must have legal representation. This court and the Vermont Superior Court have previously explained that Mr. Lafayette may not assert claims on his minor son's behalf without an attorney representing his son. Mr. Lafayette may not enter an appearance for any person but himself.

Last year, Mr. Lafayette attempted to bring claims on behalf of his minor son and the court explained:

> While litigants in federal court have a statutory right to act as their own counsel, *see* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"), "because pro se means to appear for oneself," a pro se litigant "must be litigating an interest personal to him." *Iannaccone v. Law*,

2

> 142 F.3d 553, 558 (2d Cir. 1998). Although a minor normally lacks the capacity to bring suit for herself, the Federal Rules of Civil Procedure provide that a minor may "sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c). "The fact that a minor . . . must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). Thus, it is "well-established" that "a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005); *see also id.* ("If the representative of the minor . . . is not himself an attorney, he must be represented by an attorney in order to conduct the litigation.").

*Lafayette v. Burlington Sch. Dist.*, 2:23-cv-167, slip op. at 5–6 (D. Vt. Aug. 2, 2023).

In addition, in April 2023, prior to Mr. Lafayette's first attempt to file his son's claims in this court, the Vermont Superior Court had explained that Mr. Lafayette may not assert claims on behalf of his son without a lawyer to represent the son. The court allowed Mr. Lafayette thirty days to engage an attorney to represent his son and warned that, if no attorney appeared by that date, the claims on behalf of the son would be dismissed. Those claims were subsequently dismissed on May 23, 2023. *Robert Lafayette v. BJ Robertson et al.*, Case No. 23-CV-757, Chittenden Unit. Mr. Lafayette then attempted to bring suit in this court in July 2023.

Accordingly, because Mr. Lafayette is not an attorney, *see U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("An individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause") (cleaned up) and a court may not properly make a merits determination of claims filed on behalf of a minor who is not properly represented, *see Berrios*, 564 F.3d at 134, the Complaint would be dismissed without prejudice. *Cheung*, 906 F.2d at 62; 28 U.S.C. § 1915(e)(2)(B)(ii).

The court notes that Mr. Lafayette is becoming something of a serial filer. This is his third case in this court in the past year. A review of a state database of resent cases reveals the Plaintiff has filed eight cases so far this year and fourteen in 2023. Plaintiff is warned not to

continue to attempt to file claims on his minor son's behalf without the required representation of counsel.

## CONCLUSION

Upon conducting the review required under 28 U.S.C. § 1915(a)(1), Mr. Lafayette's request to proceed *in forma pauperis* (Doc. 1) is DENIED. Even if he was granted IFP status, however, the proposed Complaint (Doc. 1-1) would be dismissed without prejudice because Mr. Lafayette is not an attorney and thus may not bring claims on the behalf of others, including his minor son. This case is CLOSED.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 30th day of July, 2024.

Geoffrey W. Crawford, Chief Judge
United States District Court